Electronically Filed on September 1, 2006

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MADEN TECH CONSULTING, INC. | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | No. 06-612C |
| | ) | (Judge Susan G. Braden) |
| Defendant. | ) | |
| | ) | |

## UNOPPOSED MOTION TO INTERVENE AS INTERVENOR OF RIGHT

Beta Analytics, Inc. ("BAI"),[1] by undersigned counsel, hereby moves the Court to intervene in the above-captioned proceeding as an Intervenor of Right pursuant to Court of Federal Claims Rule 24(a)(2). Counsel for BAI has conferred with counsel for the Government and counsel for the Plaintiff who do not object to this motion.

On August 31, 2006, Plaintiff filed its Complaint in this proceeding under seal. Counsel for Plaintiff has advised undersigned that Plaintiff is seeking injunctive and declaratory relief regarding the Defense Advanced Research Projects Agency's ("DARPA") decision to override an automatic stay of performance of Contract No. HR0011-06-C-0127 ("Contract"), which DARPA awarded to BAI, pending a bid protest that Plaintiff filed with the Government Accountability Office ("GAO") Number B-298543.2. DARPA awarded the Contract to BAI on July 19, 2006, and the contract was

[1] In a related case, *Maden Tech Consulting, Inc. v. United States*, No. 06-585C (Braden) Plaintiff originally identified BAI by a trade name, Beta Analytics International, Inc. and BAI retained that reference to avoid confusion. BAI's correct corporate name is Beta Analytics, Inc., which is the name that the Court should apply to the caption if the court admits BAI as

executed on the same day. BAI has been performing the Contract since July 27, 2006.

BAI understands that Plaintiff filed its Complaint, Motion and Memorandum of Law pursuant to Appendix C of the Rules of the Court of Federal Claims. (Pre-Filing Notification, August 30, 2006.) Plaintiff filed this case as a related case to No. 06-585 involving a prior override of the same automatic stay. (*Id.* ¶ (g).) The Court admitted BAI as an Intervenor of Right in the related case. *Maden Tech Consulting Inc. v. United States*, No. 06-585C (Braden) (Order dated Aug. 15, 2006.)

Pursuant to Appendix C, Section V, Paragraph 12 of the RCFC,

> [t]he apparently successful bidder/offeror may enter a notice of appearance at any hearing on the application for a temporary restraining order/preliminary injunction if it advises the court of its intention to move to intervene pursuant to RCFC 24(a)(2) or has moved to intervene before the hearing.

RCFC 24(a) is the rule for Intervention of Right. RCFC 24(a)(2) provides that

> Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

As the Contract awardee, BAI has a specific interest in the property or transaction that is the subject matter of the action: the Contract that DARPA's override seeks to continue performance and the performance of which Plaintiff seeks to enjoin. BAI is the awardee of that Contract, is currently performing the Contract, and has been performing the Contract since July 27, 2006.

Moreover, given the nature of the matter before the Court, by which Plaintiff seeks relief in the form of an injunction, Plaintiff must prove four elements to obtain injunctive relief, including that any alleged harm to the Plaintiff outweighs harm to the

government and third parties such as a contract awardee. *Cubic Defense Sys., Inc. v. United States*, 45 Fed. Cl. 450, 474 (1999); *ATA Defense Indus., Inc. v. United States*, 38 Fed. Cl. 489, 505 (1997). At a minimum, no other party can adequately represent BAI's interests regarding the harm to BAI in the assessment of whether injunctive relief is appropriate. Indeed, only BAI is best equipped to present its own position in defense of all elements that Plaintiff must demonstrate to succeed in its pursuit of injunctive relief.

Furthermore, this Court routinely admits a contract awardee as an Intervenor in CICA override cases. *See e.g., Advanced Sys. Dev., Inc. v. United States*, No. 06-484C at 5 (Fed. Cl. July 21, 2006) (admitting awardee as intervenor during Preliminary Status Conference); *Cigna Gov't Serv., LLC v. United States*, 70 Fed. Cl. 100, 109 (2006) (admitting awardees as intervenors during status conference); *Sierra Military Health Serv., Inc. v. United States*, 58 Fed. Cl. 573 (2003) (awardees as intervenors). Accordingly, BAI qualifies as an Intervenor of Right pursuant to RCFC 24(a)(2). A proposed Order is attached for the Court's convenience.

WHEREFORE, BAI respectfully requests this Court to grant BAI's Unopposed Motion to Intervene.

Dated: September 1, 2006

Respectfully submitted,

HOLLAND & KNIGHT LLP

s/ Paul E. Pompeo
Paul E. Pompeo
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
(202) 457-7033 – phone
(202) 419-2913 – fax
*Counsel for Beta Analytics, Inc.*

Of Counsel:

Joseph P. Hornyak
Stuart W. Turner
HOLLAND & KNIGHT LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006

# 4023848_v1